IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RAUL G. VEGA #1637416 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv008 |
| DAVID GUITERRIEZ, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Raul G. Vega, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Allegations**

Plaintiff alleges that he has been denied parole three times without being able to see his parole score or review his parole file and challenge any "false and/or derogatory information" in the file. (Dkt. #1 at 2.) He alleges that he has been repeatedly denied due to the seriousness of his offense, despite an exemplary institutional record and no evidence that he is a threat to society, which he says constitutes a "systematic denial of equitable consideration for release." (*Id.*) Plaintiff says these circumstances deny him equal protection as compared to those who have sufficient funds to retain an attorney to review their files and deny him the due process right to a fair parole hearing. (*Id.*)

Most of Plaintiff's complaint is devoted to legal theories concerning whether he has a right to a fair parole process. In summary, he states:

> Plaintiff asserts in an issue of First Impression that when the Texas Constitution, Texas Legislation/Statutes, the Rules and Guidelines of the BPP, and the (APA). Administrative Procedures Act are considered together. THE CUMULATIVE EFFECT of these combine to create a liberty and property interest on a parole process that is constitutionally sufficient.

(*Id.* at 4.)

Plaintiff sues the past and present chairmen and members of the Texas Board of Pardons and Paroles and seeks a declaratory judgment that the Texas parole system is unconstitutional. (*Id.* at 1–2, 8.)

**II. Legal Standards and Preliminary Screening**

Plaintiff is proceeding *in forma pauperis* and is a prisoner seeking redress from an officer or employee of a governmental entity, so his complaint is subject to preliminary screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially

noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

### III. Discussion and Analysis

Despite his insistence to the contrary, Plaintiff does not state a claim for violation of his constitutional rights in connection with the denial of parole. It is well-settled that a state prisoner

3

does not have a federal constitutional right to early release on parole. *See Greenholtz v. Inmates of Neb. Penaland Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Orellena v. Kyle*, 65 F.3d 29, 31-32 (1995); *Pohl v. Livingston*, 241 F. App'x 180, 181 (5th Cir. 2007) ("This court has determined that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause.").

The decision to grant parole or deny parole is discretionary under Texas law—and the Texas parole statutes, both past and present, do not create a protected liberty interest that would implicate constitutional considerations. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) ("We hold that the Texas Adult Probation, Parole and Mandatory Supervision Law does not create a protectible expectancy of release recognized by the Supreme Court in *Greenholtz*.") (internal citation omitted). Without such an interest, no alleged violation of state law or administrative policy amounts to the violation of federal law required to be entitled to federal habeas relief.

Plaintiff claims a violation of his right to due process, but the law of this circuit is clear that Plaintiff has no constitutional liberty interest parole that would trigger a right to due process. *See Toney v. Owens*, 779 F.3d 330, 341–42 (5th Cir. 2015) (stating that the court has consistently held that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural due process grounds); *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("[B]ecause Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."). The Supreme Court has held that a prisoner's liberty interest is "generally limited to

freedom of restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). The denial of parole, even repeated denial, is not an unexpected or atypical event in the life of a prisoner. Accordingly, Plaintiff has no due process rights in connection with his consideration for parole.

Plaintiff also fails to state a claim for violation of his right to equal protection. To state an equal protection claim, a plaintiff must typically allege that a government actor "intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). Alternatively, a plaintiff may state a "class of one" equal-protection claim by alleging that he personally "has been irrationally singled out" for unfavorable treatment. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff does not state a claim under either theory.

Plaintiff does not allege that he is being treated unfavorably because of his race, gender, or ethnicity, and he does not allege that he has personally been singled out for mistreatment. He alleges that the Board's system treats him differently than inmates who can afford attorneys. But he does not allege that parole outcomes are better for wealthier or represented prisoners or identify any instances of those better outcomes. More importantly, he cannot establish that either poverty or *pro se* status constitutes a protected class under the Equal Protection Clause. *See Benshoof v. Hall*, No. CIV-22-527-R, 2022 WL 3586215, at *3 (W.D. Okla. Aug. 22, 2022) ("Regarding Plaintiff's contention that his poverty makes him a protected class of citizen under the equal protection clause of the Fourteenth Amendment, the Court finds this objection to be meritless. In

5

*San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 25 (1973), the Supreme Court explicitly declined to define those who live in poverty as a suspect or quasi-suspect class under the equal protection clause of the Fourteenth Amendment."); *McAfee v. Davis*, No. CV H-18-3749, 2020 WL 880840, at *7 (S.D. Tex. Feb. 21, 2020) ("Petitioner does not show that poverty or an inability to pay the fees constituted a protected class, nor does he show that persons similarly situated were treated differently."); *McDaniel v. Bailey*, No. 3:18-CV-204-RJC-DLH, 2018 WL 3381428, at *6 (W.D.N.C. July 11, 2018), *aff'd*, 748 F. App'x 511 (4th Cir. 2019) ("Plaintiff also claims that she was discriminated against because of her indigence and pro se status, however, these are not protected classes upon which a claim of discriminatory conspiracy can be based."); *Williams v. Perry*, No. CIV.A. 4:05CV227, 2006 WL 1207900, at *3 (E.D. Tex. May 1, 2006) (dismissing equal protection claim as frivolous because "pro se status is not a protected class").

Accordingly, even accepting the facts in Plaintiff's complaint as true, he cannot establish that he has any violation of his constitutional rights arising from the Board's decisions to deny him parole.

**IV. Conclusion**

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief can be granted. Traditionally, district courts permit a *pro se* plaintiff an opportunity to amend his complaint before dismissing the case. However, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Plaintiff's lengthy complaint clearly and lucidly convey his dissatisfaction with the parole process and his legal

theories, and there is no reason to believe that he could amend his complaint in a way that would make it viable. Dismissal is therefore appropriate.

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's lawsuit be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 30th day of May, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE